UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
GERALD ROSS,

                Petitioner,

-against-

MICHAEL KIRKPATRICK,

                Respondent.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/21/2021_
```

16 Civ. 1623 (AT) (BCM)

**ORDER ADOPTING
REPORT AND
<u>RECOMMENDATION</u>**

ANALISA TORRES, District Judge:

    Petitioner, Gerald Ross, has filed an application under 28 U.S.C. § 2254 challenging his New York state court conviction on two charges of attempted sexual abuse in the first degree and one count of endangering the welfare of a child. ECF No. 1.

    Before the Court are Petitioner's objections to the report and recommendation of the Honorable Barbara C. Moses (the "R&R") recommending that his petition be denied. R&R, ECF No. 21; Pet. Obj., ECF No. 24. For the reasons stated below, Petitioner's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.

## BACKGROUND[1]

    Petitioner, accused of having exposed his genitals to a child in an office supply store in Manhattan, was indicted in Supreme Court, New York County on two charges of attempted sexual abuse in the first degree in violation of N.Y. Penal Law ("PL") §§ 130.65(3) and 110.00, one count of endangering the welfare of a child in violation of PL § 260.10(1), and two counts of public lewdness in violation of PL § 245.00. R&R at 2.

---

[1] The Court presumes familiarity with the facts, which are set forth in the R&R, and, therefore, only briefly summarizes them here. *See* R&R at 2–6. Because the parties have not objected to the R&R's characterization of the facts, the Court adopts the R&R's "Background" section and takes the facts characterized therein as true. *See Set Cap. LLC v. Credit Suisse Grp. AG*, No. 18 Civ. 2268, 2019 WL 4673433, at *1 n.2 (S.D.N.Y. Sept. 25, 2019).

Attempted sexual abuse in the first degree is a Class E felony in New York. PL §§ 110.05, 130.65. For a defendant like Petitioner, who has committed a predicate sex offense that was also a violent felony, the minimum sentence for a Class E felony sexual offense is two and one half years in prison, and the maximum sentence is four years in prison. PL § 70.80(5); R&R at 3 n.4. Because Petitioner was charged with two counts of attempted sexual abuse in the first degree, the sentences on each could be imposed consecutively. PL § 70.25; *People v. Ramirez*, 677 N.E.2d 722, 725 (N.Y. 1996).

The state court held a calendar call on August 12, 2010, at which an assistant district attorney stated to the presiding judge that the district attorney's office had offered Petitioner a plea deal in which he would plead guilty to one count of attempted sexual abuse in the first degree, with a recommended sentence of two to four years with ten years post-release supervision. R&R at 3. Before trial, the district attorney's office offered Petitioner another plea deal, in which he would plead guilty to one count of attempted sexual abuse in the first degree and receive a determinate sentence of two years imprisonment followed by five years of post-release supervision. *Id.*

At a pretrial hearing, Petitioner's trial counsel stated on the record that she had reviewed the evidence and the state's plea offer with Petitioner, but that Petitioner wished to go to trial. *Id.* at 3–4. The trial judge asked Petitioner's counsel if she had explained to him that he faced a four-year prison sentence, and fifteen years of supervision, and counsel confirmed that she had. *Id.* at 4.

On March 1, 2011, the state sought to revoke Petitioner's bail. *Id.* At that hearing, an assistant district attorney noted that petitioner, if convicted, faced a maximum of four years in prison. *Id.*

On April 7, 2011, Petitioner was convicted by a jury of two counts of attempted sexual abuse in the first degree and one count of endangering the welfare of a child. *Id.* He was sentenced to four years of imprisonment on each count of attempted sexual abuse, to run consecutively, and one year of imprisonment on the count for endangering the welfare of a child, to run concurrently with the other term, followed by ten years of supervised release. *Id.*

On June 5, 2013, represented by new counsel, petitioner filed a motion to vacate his conviction pursuant to N.Y. Criminal Procedure Law ("CPL") § 440.10, arguing that he was denied the effective assistance of his trial counsel because she failed to advise him properly as to the maximum sentence he was facing when considering the plea offer. *Id.* at 5. In an affidavit in support of his § 440.10 motion, Petitioner stated, "If I had known that I was facing a potential sentence of eight years of imprisonment [. . .], I would have seriously considered accepting" the offer. *Id.* at 5 (quoting State Records at 45, ECF No. 17). Petitioner's trial counsel stated in an affidavit that she recalled having a discussion of the offer with Petitioner, but did not recall any specific details, that it was her usual practice to research and advise defendants of their maximum possible sentence in any discussion of whether to plead guilty, and that she no longer had any notes or her case file, because she had given them to Petitioner's wife at the conclusion of his case. *Id.*

On January 16, 2014, the state trial court denied Petitioner's motion without holding an evidentiary hearing. *Id*. The court "reject[ed] any suggestion that [petitioner] was unaware of the maximum sentence he faced when considering whether to accept the plea offer," and found it "unlikely that defense counsel 'misunderstood' or 'confused' [Petitioner's] sentencing exposure or that she failed to discuss it with him." *Id.* (quoting State Records at 120–21). The court acknowledged that "neither this Court nor the prosecutor told [Petitioner] on the record that he

3

faced consecutive sentences," but found no "indication" in the record "that his attorney did not explain that the sentences could run consecutively if he was convicted of both counts during their extensive discussions." *Id.* (quoting State Records at 122). The court also held that even if Petitioner's counsel failed to inform him of the maximum possible sentence, Petitioner was not entitled to relief because "there is no evidence that the result in this case would have been any different, namely, that [Petitioner] would have accepted the plea," noting that Petitioner's affidavit "does not assert that he would have accepted the plea and pled guilty, but rather states that he would have 'seriously considered' pleading guilty." *Id.* at 6 (quoting State Records at 121).

Petitioner filed a single appeal from his conviction and the denial of his motion to vacate his conviction. *Id*. at 6. On December 4, 2014, the Supreme Court, Appellate Division, First Department affirmed the trial court's holding as follows:

> The court properly denied defendant's motion to vacate the judgment, made on the ground of ineffective assistance of counsel regarding defendant's rejection of a plea offer. The submissions on the motion failed to demonstrate that, but for counsel's allegedly incorrect advice regarding the possibility of consecutive sentencing, there was a reasonable probability that defendant would have accepted the People's plea offer (*see Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. 1376, 1384–1385, 182 L.Ed.2d 398 [2012]). We note that defendant had access to his trial lawyer's notes and did not produce them in support of his motion.

*People v. Ross*, 998 N.Y.S.2d 177, 178 (N.Y. App. Div. 2014).

## DISCUSSION

I.   Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a

4

party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigr. Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

    II.    <u>Petitioner's Objections</u>

        A.    AEDPA

Petitioner's claims are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2254. Under AEDPA, if a petitioner's claims were adjudicated on the merits in state court, a district court may grant relief under § 2254 only, as relevant here, when the state court's decision "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor,* 529 U.S. 362, 412 (2000). A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the Supreme] Court on a question of law or if [it] decides a case differently than [the Supreme]

Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13.  Under the "unreasonable application" prong of Section 2254(d)(1), federal court may only overrule state court decisions found to be "objectively unreasonable." *Id.* at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted).

Moreover, a state court's factual findings are presumed correct unless the Petitioner comes forward with clear and convincing evidence to rebut the presumption.  28 U.S.C. § 2254(e)(1).  And "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B. Ineffective Assistance

Petitioner argues that his trial counsel provided ineffective assistance by telling him that the maximum sentence he could face if convicted at trial was four years' imprisonment, when in fact state law allowed for up to eight years.  Pet. Obj. at 2, 4.  He claims that had he been properly advised, he might have accepted the State's plea offer.  *Id.* at 2, 12.  When a defendant has rejected a plea deal, he can succeed on an ineffective assistance of counsel only by showing (1) "that counsel's representation fell below an objective standard of reasonableness" (deficiency); and (2) "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the

judgment and sentence that in fact were imposed" (prejudice). *Lafler v. Cooper*, 566 U.S. 156, 163–64 (2012).

Judge Moses held that Petitioner's claim should be denied on both prongs. On the deficiency prong, Judge Moses determined that the state court found that Petitioner had not established that he had actually received the erroneous advice, and that Petitioner had not come forward with clear and convincing evidence that could rebut that factual finding. R&R at 10–13. On the prejudice prong, Judge Moses pointed to the Appellate Division's holding that Petitioner had failed to establish that he would have taken the plea if properly advised, and found that Petitioner had not shown it to be an unreasonable application of clearly established federal law. *Id.* at 13–18.

Petitioner objects to Judge Moses' holding on the deficiency prong, arguing that the state court could not have made a factual finding that his attorney never misstated his potential sentence because it did not conduct an evidentiary hearing, and that rejecting his claim without a hearing was an unreasonable application of federal law. Pet. Obj. at 5–9. Petitioner did not argue to Judge Moses that the state court's order should not be treated as making a finding of fact subject to deference under 28 U.S.C. § 2254(e)(1). *See generally* Pet. Mem. at 15–39, ECF No. 4; Pet. Reply at 2–19, ECF No. 19. The argument can be rejected on that ground alone. *See United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (internal quotation marks and citation omitted)). In any event, as Judge Moses explained, the state trial court plainly did make a factual finding that Petitioner had not demonstrated by sufficient evidence that his attorney had failed to explain the possibility of

7

consecutive sentences. *See* R&R at 5–6; *Beauharnois v. Chappius*, No. 12 Civ. 1283, 2015 WL 893091, at *18–19 (N.D.N.Y. Mar. 2, 2015) (considering a state court's conclusion as to whether a habeas petitioner had received incorrect advice from counsel as a matter of fact).

Petitioner did argue to Judge Moses that the state court acted contrary to, or unreasonably applied, clearly established law in rejecting his claim without a hearing. Pet. Mem. at 29–33. Judge Moses rejected that argument. R&R at 13. Accordingly, the Court reviews this argument for clear error, and finds none. The state court having found that Petitioner failed to put forward evidence that could establish that he received deficient advice, it was not unreasonable to reject his claim without holding an evidentiary hearing. Petitioner has not pointed to any clearly established federal law that compels a state court to hold a post-conviction hearing in any case where a defendant alleges ineffective assistance in plea bargaining, no matter how shaky the allegation.[2]

Petitioner also objects to Judge Moses' holding on the prejudice prong, arguing that Judge Moses failed to accord appropriate weight to case law in this circuit that allows a habeas petitioner to demonstrate prejudice by showing a significant disparity between the actual sentence he faced and the sentence his counsel warned him of. Pet. Obj. at 9–12. The Court reviews this specific objection *de novo*. Petitioner's description of the governing law, however, is not correct. The Second Circuit has held that that "a great disparity between the actual sentence and the sentence that effective counsel would have secured for the defendant provides

---

[2] Petitioner also argues that to the extent the state court made findings of fact in support of its legal determination, those findings, made without an evidentiary hearing, would violate 28 U.S.C. § 2254(d)(2), which permits a federal court to grant relief where the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(2). This argument was not raised to the magistrate judge and, therefore, the Court does not consider it. *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

sufficient objective evidence—*when combined with a petitioner's statement concerning his intentions*—to support a finding of prejudice." *Mask v. McGinnis*, 233 F.3d 132, 141 (2d Cir. 2000) (emphasis added) (internal quotation marks, citations, and alterations omitted).  Given Petitioner's equivocal statement that he would have "strongly considered" accepting a plea deal was insufficient to meet that standard, Judge Moses correctly ruled that the Appellate Division could have reasonably rejected his claim for lack of prejudice.  R&R at 14, 16–18.

Petitioner further objects that Judge Moses placed too much weight on the fact that he stated that he would have "seriously considered" pleading guilty, rather than that he likely would have accepted the plea deal.  Pet. Obj. at 12.  The Court reviews this objection *de novo*, but rejects it.  The line between a defendant who states that he would have seriously considered a plea deal and one who says that he likely would have accepted it is (or, as in *Mask*, that he would have considered an offer "to be reasonable," 233 F.3d at 141) is a fine one.  But the Court cannot say that clearly established federal law forbids the Appellate Division from drawing that line, and determining that Petitioner's statement was insufficient to show prejudice.  Thus, Judge Moses properly found that Petitioner had not cleared Section 2254(d)'s demanding standard.  R&R at 14–18.

Accordingly, Petitioner's objections to the R&R's resolution of his ineffective assistance claims are OVERRULED.

C.  Evidentiary Hearing

Petitioner argues that if the Court does not grant relief under § 2254 outright, it should conduct an evidentiary hearing to supplement the record on his claims.  Pet. Obj. 12–13.  Judge Moses rejected that argument, because the state courts adjudicated Petitioner's claim on the merits, and consequently an evidentiary hearing is permissible only after a finding that the state

court adjudication was "contrary to, or involved an unreasonable application of, clearly established [f]ederal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d); R&R at 18–19. That holding was entirely correct. *See Pinholster*, 563 U.S. at 181–82.

Accordingly, Petitioner's objection that he should be afforded an evidentiary hearing in federal court, Pet. Obj. at 12–13, is OVERRULED.

III.  Certificate of Appealability

A petitioner may appeal the denial of a § 2254 application only if the district court or the court of appeals issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c). To obtain a COA, a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks, alterations, and citation omitted). Petitioner's application fails under a straightforward application of clear legal standards, on which reasonable jurists could not disagree.

Accordingly, Petitioner's request for a COA is DENIED.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Petitioner properly objects and has reviewed the remainder of the R&R for clear error.[3] For the reasons stated above, the Court ADOPTS the R&R in its entirety. Petitioner's application for a writ of habeas

---

[3] To the extent not discussed above, the Court finds the unchallenged portions of the R&R to be free of clear error.

corpus under § 2254 is DENIED, his request for an evidentiary hearing is DENIED, and a COA is DENIED.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: April 21, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge